IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01709-REB-KLM

MICHAEL A. COLLINS, an individual,

    Plaintiff,

v.

ACE MORTGAGE FUNDING, LLC, and its employees, agents and affiliates, individually, COUNTRYWIDE HOME LOANS, INC., a/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, and its employees, agents and affiliates, individually,

    Defendant(s).
_____

**ORDER DENYING MOTION TO STAY**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Joint Agreed Motion to Stay Discovery Including Initial Disclosures** [Docket No. 25; Filed September 30, 2008] (the "Motion"). Defendants inform the Court that Plaintiff, *pro se*, does not oppose the Motion.

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

Regardless of the parties' agreement to stay the case until determination of the pending motions to dismiss [Docket Nos. 12 & 19], stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006)

(unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

Although Plaintiff does not oppose the Motion or articulate an interest in proceeding expeditiously with his case, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed. By contrast, Defendants do not suggest any undue burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burden. Although Defendants have pending motions to dismiss which may dispose of Plaintiff's case, these motions are not based on grounds typically warranting the imposition of a stay. For instance, while Courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised, motions relating to a failure to state a claim are not unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation. *Cf. Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue). On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different

result.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true where there is a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for which ultimate success is not guaranteed.  While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation.  Under these circumstances, the Court finds that a stay of the case is not warranted.

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the deadline for the parties to exchange their initial disclosures to no later than **October 10, 2008**.  The parties are reminded of their obligation to comply with my Order of August 13, 2008 [Docket No. 5] setting a Scheduling Conference in this matter for October 8, 2008 at 9:30 a.m. and requiring the production of a proposed scheduling order and confidential settlement statements in advance of the conference.

Dated:  October 1, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix